United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCI GREENE,<br>Plaintiff,<br>v.<br>CITY OF SAN FRANCISCO, et al.,<br>Defendants. | Case No. 25-cv-06556-WHO<br><br>**ORDER GRANTING DEFENDANT CCSF'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR EARLY DISCOVERY**<br><br>Re: Dkt. No. 43 |

Pro se plaintiff Quinci Greene brings this suit for violations of his civil rights under federal and state law against the City and County of San Francisco ("CCSF"), the San Francisco Main Library ("the Library"), a number of Doe defendants from the San Francisco Main Library Security ("Library Security"), and a number of Doe defendants from the San Francisco Sheriff's Office ("SFSO") (collectively, "defendants"). Before me is defendant CCSF's motion to dismiss Mr. Greene's second amended complaint. Motion to Dismiss ("Mot.") [Dkt. No. 43].

In my previous order on CCSF's motion to dismiss the first amended complaint, I directed CCSF to provide Mr. Greene with some early discovery—specifically, incident reports "concerning the incident on September 4, 2024" that is at issue in this case. Order on Motion to Dismiss ("MTD Order") [Dkt. No. 37]. The goal of this discovery, which CCSF provided to Mr. Greene, was to allow Mr. Greene the opportunity to identify and name the Doe defendants in an amended complaint. Mr. Greene has since filed a second amended complaint that still fails to identify any of the individual Doe defendants. Second Amended Complaint ("SAC") [Dkt. No. 39]. He also filed a motion for leave to conduct early discovery. Motion for Leave to Conduct Early Discovery ("Disc. Mot.") [Dkt. No. 40]. CCSF moves to dismiss all claims against it in Greene's second amended complaint for failure to state a claim on which relief may be granted

under Federal Rule of Civil Procedure 12(b)(6). Mot. at 1. It also requests that I deny Mr. Greene's motion to conduct early discovery and proffers evidence that it provided the incident reports to Mr. Greene as ordered. *Id.* at 8.

Because Mr. Greene has again failed to plead sufficient facts supporting a *Monell* claim against CCSF, I GRANT CCSF's motion and DISMISS the *Monell* claim with prejudice. In view of his failure to oppose this motion and general non-compliance with my directive to amend the complaint to identify the individual defendants, the remaining claims are DISMISSED WITHOUT PREJUDICE for failure to prosecute. I further DENY Mr. Greene's motion for leave to conduct early discovery as CCSF has demonstrated that it has provided Mr. Greene with sufficient information to identify the individual defendants who may be relevant to this matter.

## BACKGROUND

### I. Factual Background

According to the complaint, at approximately 2 p.m. on September 4, 2024, Mr. Greene was on the fifth floor of the San Francisco Main Library when he was approached by several Library Security officers. SAC ¶ 11. The officers told him that he was "suspended" from the library and instructed him to leave immediately. *Id.* ¶ 12. Mr. Greene alleges that, while he had previously been suspended from the library, this suspension expired on July 24, 2024, and was no longer in force. *Id.* ¶ 9. When he tried to tell the officers this, they "refused to examine the documentation" and "threatened [him] with violence if he did not comply." *Id.* ¶¶ 13-14. Mr. Greene then "complied with the order" and "walked peacefully toward the elevator." *Id.* ¶ 15. He asserts that he "did not resist, threaten anyone, or engage in any disruptive behavior." *Id.* ¶ 16.

As Mr. Greene neared the library exit, he saw several Sheriff's deputies enter the building. *Id.* ¶ 17. Then, "[w]ithout warning or justification, the Library Security Officers pushed [him] against the wall and began punching him." *Id.* ¶ 18. The Sheriff's deputies also began "punching and striking [Mr. Greene] simultaneously with the security officers." *Id.* ¶ 19. Mr. Greene fell to the ground and covered his head but the officers continued to strike him. *Id.* ¶¶ 20-21. After the beating was finished, he was handcuffed and detained in the security office of the Library for an hour before being taken to the San Francisco County Jail at 850 Bryant Street. *Id.* ¶¶ 23-24.

United States District Court
Northern District of California

At the jail, Mr. Greene was forced to submit to a COVID test and "to strip naked and expose his genitals, buttocks, and anal area for visual inspection." *Id.* ¶¶ 26-27. He was compelled to put on jail clothing and was placed in a cell with other detainees. *Id.* ¶ 28. Mr. Greene alleges that he "was never taken before a judge or informed of any charges against him" and his requests for medical attention were ignored. *Id.* ¶¶ 30-31. On September 6, 2024, Mr. Greene was released and no charges were filed. *Id.* ¶ 32.

Mr. Greene brings nine causes of action against defendants in his second amended complaint: (1) Excessive Force in violation of the Fourth Amendment under 42 U.S.C. § 1983; (2) Unlawful Seizure and False Arrest in violation of the Fourth Amendment under 42 U.S.C. § 1983; (3) Unconstitutional Strip Search in violation of the Fourth Amendment under 42 U.S.C. § 1983; (4) Fourteenth Amendment Due Process Violation under 42 U.S.C. § 1983; (5) Assault and Battery under California common law; (6) False Imprisonment under California common law; (7) Negligence under California common law; (8) Violation of the California Bane Act, Cal. Civ. Code § 52.1; and (9) Municipal Liability under 42 U.S.C. § 1983. Causes of action one, two, four, five, six, and eight are brought explicitly against "All Individual Defendants." Cause of action three is brought against the "Sheriff's Deputy Defendants." Cause of action seven is simply brought against "All Defendants" and cause of action nine is brought only against CCSF.

As a result of defendants' actions, Mr. Greene alleges that he suffered physical and emotional injuries and the deprivation of his constitutional rights. *Id.* ¶ 71. He seeks compensatory and punitive damages as well as attorneys' fees and costs. *Id.* ¶ 72.

## II. Procedural Background

On August 4, 2025, Mr. Greene filed an initial complaint along with an application to proceed *in forma pauperis* ("IFP application"). Dkt. Nos. 1, 6. United States Magistrate Judge Joseph C. Spero granted Mr. Greene's IFP application but issued an order to show cause why the complaint should not be dismissed in part for failure to state a claim. Dkt. Nos. 8, 9. Specifically, Judge Spero determined that Mr. Greene had pleaded adequate facts to support a claim under 42 U.S.C. § 1983 against the individual Doe defendants but had failed to plead a claim against

CCSF.[1] Dkt. No. 9 at 7-11. After Mr. Greene failed to respond to the order to show cause, Judge Spero issued a report and recommendation that the complaint be dismissed in part for the reasons set out in his previous order. Dkt. No. 17. Judge Spero also recommended that Mr. Greene "be given thirty days from the date of this order to identify the officer defendants and amend his complaint to specifically name those defendants; or, by that same deadline, to bring a motion for early discovery to determine the identities of the arresting officers, with a supporting declaration showing that Plaintiff has made reasonable efforts to determine the identities of the officers and was unable to do so." *Id.* at 1.

On reassignment, I adopted Judge Spero's recommendations and dismissed the case in part without prejudice. Dkt. No. 19. On November 17, 2025, Mr. Greene filed an amended complaint. Dkt. No. 20. I subsequently ordered the U.S. Marshal to serve the complaint on the named defendants in the case, noting that the "unnamed defendants [could not] be served and [were] dismissed without prejudice (in the event their identities and roles in this case can be alleged)." Dkt. No. 21. On January 7, 2026, CCSF moved to dismiss the amended complaint. Dkt. No. 28. In addition to filing a direct response to the pending motion, Mr. Greene also filed a "Demand to Produce Documents." Dkt. Nos. 29, 30.

On February 25, 2026, I dismissed Mr. Greene's claim against the City, stating:

> I want to short circuit the issue that is delaying progress in this case, which is that Mr. Greene apparently does not know who the officers were that were involved in the alleged assault. Therefore, since he is pro se, **I construe all of his filings as a motion for early discovery and GRANT it to this extent: the City shall provide Mr. Greene with copies of any incident reports it has or can reasonably obtain from the San Francisco Police Department, Sheriff's Office, the Public Library, or the Library Security office.** The purpose of this order is to allow Mr. Greene to identify the persons responsible for the harm he alleges that he suffered as a result of the underlying incident. The City shall do this by March 12, 2026. Mr. Greene may then file an amended complaint no later than April 14, 2026, if he so chooses.

[1] Judge Spero found that CCSF was the proper defendant under § 1983 because the San Francisco Public Library and the San Francisco Sheriff's Office are unincorporated municipal departments who cannot be sued pursuant to § 1983. Dkt. No. 9 at 5-6. I confirmed at the May 26, 2026 case management conference that the "City Attorney's Office [is] represent[ing] the Library and Sheriff's Department as City agencies that are part of the City and County of San Francisco." Dkt. No. 42.

MTD Order (emphasis added). When Mr. Greene did not file an amended complaint by April 14, 2026, I issued an order to show cause why the case should not be dismissed for failure to prosecute. Dkt. No. 38.

On May 14, 2026, nearly a month past the deadline, Mr. Greene filed the operative second amended complaint as well as a motion for leave to conduct limited early discovery. In his motion for discovery, Mr. Greene asserted that CCSF had failed to provide documents that would allow him to identify the Doe defendants and amend his complaint in compliance with my order. Disc. Mot. at 2-3.

On May 26, 2026, I held a case management conference to determine the status of this discovery. At the conference, CCSF represented to me that it had complied with my order and provided Mr. Greene with the incident reports. Dkt. No. 42. Mr. Greene acknowledged that he had received the reports but asserted that it was not enough information. *Id.* I instructed CCSF to file the discovery in CM/ECF and determined that "[w]hen the anticipated Motion to Dismiss the Second Amended Complaint is heard, these issues will be revisited." *Id.*

CCSF now moves to dismiss all claims against it in Mr. Greene's second amended complaint for failure to state a claim upon which relief may be granted in violation of Federal Rule of Civil Procedure 12(b)(6). Mot. at 1. The City also seeks denial of Mr. Greene's pending motion to conduct early discovery and has attached to its motion the discovery already submitted to Mr. Greene on March 12, 2026 in compliance with my order. Ex. 1 to Declaration of Jose A. Zelidon-Zepeda ("Ex. 1") [Dkt. No. 43-2]. Greene did not submit an opposition to CCSF's motion.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

omitted). This standard is not akin to a probability requirement, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *see also Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

United States District Court
Northern District of California

**DISCUSSION**

**I. Motion for Leave to Conduct Early Discovery**

Mr. Greene argues that early discovery is necessary in order to allow him to identify the individual Doe defendants and amend his complaint to include these defendants. Disc. Mot. at 1-2. CCSF contends that Mr. Greene is not entitled to further discovery at this stage because it has already provided documents sufficient to identify the individual Doe defendants in compliance with my February 25, 2026 order. Mot. at 8.

The Ninth Circuit permits parties to conduct early discovery where they have shown "good cause." *UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at *5.

Here, I have already determined that some form of early discovery is appropriate to allow Mr. Greene to identify the unknown defendants. *See* MTD Order. That has occurred: CCSF has provided adequate discovery to make that identification possible. As I ordered, CCSF has provided the incident report of the event.[2] The report identified the Building and Grounds Officers for Library Security involved with the incident. Ex. 1 at 10, 16. It named the sheriff's deputies who assisted the Library Security officers in subduing Mr. Greene. *Id.* at 5–6. It included the names of the officers who conducted a search on Mr. Greene's person and backpack, and who transported and booked Mr. Greene at the San Francisco County Jail. *Id.*

This information appears sufficient for Mr. Greene to amend the complaint to name the Doe defendants. Mr. Greene's motion for additional discovery is DENIED.

**II. Motion to Dismiss**

CCSF contends that the second amended complaint should be dismissed because Mr. Greene fails to allege facts sufficient to state a *Monell* claim against CCSF and all other claims are brought against the unnamed individual defendants who have not been served. Mot. at 6.

[2] In summarizing the identity information available from the report submitted by CCSF, I am making no determination as to the facts of the incident or the truth of Mr. Greene's allegations.

**a. Ninth Cause of Action: Monell Liability**

Mr. Greene's ninth cause of action encompasses a claim against CCSF under a theory of municipal liability as articulated by the Supreme Court in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). In *Monell*, the court stated that a municipality could not be held liable under § 1983 "for an injury inflicted solely by its employees or agents" but could be liable if it was the execution of its own policy or custom that "inflict[ed] the injury." 436 U.S. at 694.

In order to state a claim under *Monell*, a plaintiff must establish: "(1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy, custom or practice; (3) that the policy, custom or practice amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy, custom or practice was the moving force behind the constitutional violation." *Torres v. Saba*, No. 17-cv-06587-SI, 2019 WL 111039, at *6 (N.D. Cal. Jan. 4, 2019), *aff'd*, 816 F. App'x 143 (9th Cir. 2020). Under this standard, an eligible "policy, custom, or practice" may include "written policies, unwritten customs and practices, [and] failure to train municipal employees on avoiding certain obvious constitutional violations[.]" *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021). A municipality may be liable where its "failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants . . . ." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). Generally, "[a] pattern of similar constitutional violations by untrained employees is . . . necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (internal quotation marks and citation omitted).

Here, Mr. Greene alleges that CCSF "maintains an unofficial policy or custom of allowing Library Security Officers to use force against patrons based on pretextual or invalid suspension claims." SAC ¶ 35. He states that "[b]etween 2021 and September 2024, Library Security Officers engaged in a pattern of harassment and discrimination against Plaintiff, repeatedly confronting him and demanding he leave city libraries without valid justification." *Id.* ¶ 34. He further asserts that CCSF has also failed to adequately train its employees on (1) "[p]roper procedures for verifying patron suspensions"; (2) "[c]onstitutional limits on the use of force"; (3) "[d]e-escalation techniques"; and (4) "[p]roper detention and search procedures." *Id.* ¶ 36. Mr.

Greene also states that the "training deficiencies were so obvious and inadequate that they reflected deliberate indifference" and that CCSF "knew or should have know that its inadequate training would likely result in constitutional violations . . . ." *Id.* ¶¶ 37-38.

These conclusory allegations do not state a *Monell* claim. Many of the allegations simply recite the required elements of a *Monell* claim, which is insufficient to survive a motion to dismiss. *A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)) ("[T]o be entitled to the presumption of truth, allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.") Furthermore, Mr. Greene pleads no facts to support the existence of CCSF's alleged policy or its failure to train other than his generalized statement that he was regularly harassed and asked to leave the library from 2021 to 2024. He provides no details demonstrating that these incidents were analogous to the incident at hand, such as whether they involved excessive force by library staff or were related to alleged suspensions from the library. As pleaded, these allegations are insufficient to state a *Monell* claim against CCSF. Mr. Greene's ninth cause of action asserting *Monell* liability against CCSF is dismissed without leave to amend.

**b. Remaining claims**

CCSF's motion does not appear to address the remaining claims in Mr. Greene's complaint. To the extent that any others are brought against CCSF, they are properly dismissed as Mr. Greene has filed no opposition.

Furthermore, despite having the necessary information at the time he filed his second amended complaint, Mr. Greene has once more failed to "name as defendants any of the officers that he believes were responsible for the harm that he alleges he suffered . . . . [and] state in detail why said officers were responsible." MTD Order at 1. This is in violation of both my prior order and of the recommendations made by Judge Spero. Mr. Greene's failure to follow this court's orders combined with his failure to file any opposition to the pending motion to dismiss represents a failure to prosecute this action. I therefore exercise my discretion and dismiss his remaining

United States District Court
Northern District of California

claims without prejudice for failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

**CONCLUSION**

Greene's motion for leave to conduct early discovery is DENIED. The *Monell* claim against CCSF is DISMISSED without leave to amend. The remaining claims are DISMISSED WITHOUT PREJUDICE for failure to prosecute.

**IT IS SO ORDERED.**

Dated: August 19, 2026

William H. Orrick
United States District Judge